Jessie A. JORDAN, Plaintiff-Appellant,

v.

KELLY–SPRINGFIELD TIRE & RUBBER COMPANY, Defendant-Appellee.

No. 79–2954
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 21, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Larry R. Daves, Tyler, Tex., for plaintiff-appellant.

Mike A. Hatchell, Tyler, Tex., for defendant-appellee.

Before CHARLES CLARK, VANCE, and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

On September 7, 1975, Jessie Jordan sustained severe injuries when he slipped and fell from a ladder designed, manufactured, and installed by Kelly-Springfield Tire Company. Jordan subsequently brought this diversity action. A jury trial was held in July 1979 and, at the close of plaintiff's case, the trial court directed a verdict for defendant. Plaintiff then instituted this appeal, challenging the propriety of the directed verdict. We affirm the district court's judgment.

In September 1975 Kelly-Springfield hired Holiday Sheet Metal to replace certain ventilating ducts located near the ceiling in Kelly-Springfield's factory near Tyler, Texas. In order to reach the ventilating ducts an individual had to climb a steel ladder attached to one of the walls of the plant and then step on to a catwalk. Plaintiff, an employee of Holiday Sheet Metal, was working on the catwalk. The fall occurred when plaintiff tried to step from the catwalk onto the ladder on his way down.

At trial, plaintiff advanced six theories to establish liability. He contended that his foot slipped and he fell because: (1) the ladder rungs did not have safety ridges; (2) long-term use of the rungs had worn the paint off and made them slick; (3) rubber shavings made the ladder rungs slick; (4) the ladder was unsteady and shook when plaintiff stepped on it; (5) the ladder did not have a landing platform; and (6) the ladder's construction violated certain OSHA standards. The trial court was not persuaded by any of these theories and granted a directed verdict for defendant. The standard to be applied by a district court when passing on a motion for directed verdict is well settled. "If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a

contrary verdict, granting of the motions is proper." *Boeing Company v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). Our review of the record supports the trial judge's conclusion that reasonable men could not find the defendant liable.

Plaintiff's initial three theories of liability focus on the ladder's rungs. First, plaintiff seeks to impose liability because the rungs lacked safety ridges. There was no evidence, however, introduced to establish that the use of such rungs is in any way improper. Indeed, plaintiff's own expert admitted that the design of the rungs complied with OSHA standards.[1] Plaintiff's second complaint is that the rungs became slick through excessive wear. This testimony came from plaintiff's expert, who observed the ladder some three years after the accident. No evidence was offered to establish the condition of the ladder rungs at the time of the accident. Finally, plaintiff contends that rubber shavings made the ladder rungs slick. It is undisputed, however, that the work plaintiff was doing produced the rubber shavings and caused them to fall on the rungs and the floor. There is no evidence that defendant had any knowledge of these shavings. A directed verdict was clearly proper on these theories.

Plaintiff's next two theories of liability focus on the alleged instability of the ladder. Plaintiff first claims that he fell because the ladder was unsteady and shook when he stepped on the *top rung*. The only evidence introduced to support this theory was testimony from plaintiff's expert who, three years after the accident, climbed *halfway* up the ladder and shook it. Plaintiff's expert testified that the ladder oscillated one-eighth inch. The expert admitted on cross-examination that: an eighth of an inch is a small degree of vibration, the vibration was probably less pronounced near the top of the ladder, and he was unable to say that the shaking of the ladder caused plaintiff to fall. Plaintiff also contends that Kelly-Springfield defectively designed the ladder because defendant did not place a landing ramp next to the top rung. Plaintiff failed to introduce evidence to establish that a ladder with a landing ramp would have differed from defendant's ladder, which had a landing platform twelve inches from the rung. A directed verdict on both of these grounds was also proper.

Plaintiff's final contention is that the ladder lacked the specific safety devices required by OSHA standards. The trial court found the OSHA standards only applied to ladders exceeding 20 feet in length, and that the ladder involved in the case at bar was not in excess of 20 feet. These findings are not incorrect. Thus, this theory also fails to provide plaintiff with a basis for imposing liability.

Even if plaintiff did introduce sufficient evidence to survive a motion for a directed verdict on any of the above grounds, he did not introduce evidence to establish that defendant was a cause of the fall. The only evidence on causation is found in plaintiff's testimony.

Q. All right. Now, tell the Jury—the Court and the Jury what happened when you stepped from the catwalk over to the ladder.

A. As far as I can remember, my feet fell. When I stepped on the ladder, my feet just came out from under me and just like just went out.

Q. You mentioned—by out you mean you went backwards into space?

A. Yes, sir.

This brief description does not furnish any basis upon which a reasonable person could conclude that defendant caused plaintiff's injuries.

In summary, plaintiff failed to demonstrate that the defendant was negligent or that any of defendant's acts were a proximate cause of the accident. Reasonable men could not have arrived at a verdict for

---

1. Of course, compliance with a safety standard is only some evidence that defendant satisfied the required standard of care. *See Muncie*

*Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178 (5th Cir. 1975).

plaintiff. The district court's grant of a directed verdict for defendant is

AFFIRMED.